# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| ROBERTA LATRESE VICTORIA WHARTON IRBY A/K/A VICTORIA IRBY,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN MANAGEMENT CORPORATION A/K/A HEIGHTS FINANCE D/B/A QUICK CREDIT,<br><br>Defendant | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

Plaintiff, Roberta Latrese Victoria Wharton Irby a/k/a Victoria Irby, by and through her attorney, William Joseph Virgil Barr, Esquire and Recovery Law Group, APC, hereby complains against Defendant, Southern Management Corporation a/k/a Heights Financial d/b/a Quick Credit as follows:

## NATURE OF THE ACTION

1. This is an action brought for violations of the federal Telephone Consumer Protection Act as codified in 47 U.S.C. §227 et seq. and violations of South Carolina Fair Debt Collection Practices Act § 37-5-108.

## PARTIES

2. Plaintiff is an individual who resides in the State of South Carolina at all times relevant to this action.

3. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

4. According to their LinkedIn page, Defendant is a leading small loan consumer finance company and is among the largest companies offering such services in the country. Upon information and belief, Defendant acquired Heights Financial Corporation based in Peoria, Illinois in December of 2019 and relaunched its on-line services, including changing its operating name to Heights Financial. It presently operates three different legacy brands including Quick Credit. And has a headquarters address of 101 N. Main Street, Suite 600, Greenville, SC 2960.

5. Upon information and belief, Defendant is an entity conducting business and affecting commerce in the state of South Carolina properly within the jurisdiction of the Court.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

## JURISDICTION AND VENUE

7. This action is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists of the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in this district because Defendant transacts business here and the conduct complained of occurred here pursuant to 28 U.S.C. §1391(b)(1).

9. The County of Greenville is the proper venue for this action pursuant because this is the District and Division in which the Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

**FACTUAL BACKGROUND**

10. Plaintiff Roberta Latrese Victoria Wharton Irby a/k/a Victoria Irby (hereinafter "Plaintiff") is an individual residing in the state of South Carolina. Plaintiff is a resident of the United States and at all relevant times the Plaintiff resided in South Carolina.

11. At all relevant times herein, Defendant, Southern Management Corporation a/k/a Heights Financial d/b/a Quick Credit was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff.

12. The debt at issue is consumer debt.

13. Plaintiff took out a personal loan from the Defendant sometime in mid-2020.

14. The loan extended to Plaintiff was primarily for personal, family or household purposes.

15. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes.

16. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction.

17. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves.

18. Plaintiff's account was an unsecured personal loan account and Plaintiff began making payments on the account soon after opening the account.

19. Plaintiff eventually became financially unable to continue making payments on her account.

20. Defendant began contacting Plaintiff to inquire about the status of the account and to collect payment.

21. Plaintiff subsequently retained counsel to assist in dealing with Defendant's account and to seek some type of financial relief.

22. Counsel for Plaintiff sent Defendant a certified letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

23. The contents of the letter also informed Defendant that Plaintiff was withdrawing her consent to be contacted on her cellular telephone.

24. Plaintiff's notice was sent to Defendant on March 30, 2021 via certified mail. Defendant received the certified notice on April 5, 2021.

25. Defendant continued to call Plaintiff after the March 30, 2021 certified notice of representation and revocation of consent was sent.

26. Defendant diligently continued to call Plaintiff's cell phone multiple times each day.

27. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

28. Defendant would use a pre-recorded voice when calling Defendant.

29. Defendant would leave pre-recorded messages for Plaintiff.

30. Defendant's autodialing machine contains the capacity to randomly dial numbers.

31. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

32. Defendant's calls were frequent in nature and continued despite receiving written notice that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

33, Plaintiff received over 35 pre-recorded calls after the March 30, 2021 certified letter was received by Defendant.

## FOR A FIRST CAUSE OF ACTION

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

34. Paragraphs one (1) through thirty-three (33) are hereby incorporated verbatim.

35. Defendant was informed that Plaintiff revoked her consent to be contacted by Defendant in March of 2021.

36. Defendant called Plaintiff repeatedly since Plaintiff withdrew her consent to be contacted by an automatic dialing machine on her cellular telephone.

37. Defendant ignored the notice, sent through certified mail, and continued to contact Plaintiff on his cellular telephone.

38. The certified notice was unequivocal in its language regarding attorney representation and revocation of consent.

39. Consequently, Defendant had "actual" knowledge of its violation of the TCPA.

40. Alternatively, Defendant should have known its conduct violated the TCPA.

41. Defendant continued to use a pre-recorded voice when placing unauthorized calls to Plaintiff's cellular telephone.

42. Defendant would contact Plaintiff multiple times each day regarding payment on the accounts.

43. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

44. Defendant contacted Plaintiff at least 35 (thirty-five) times after she revoked her consent to be contacted on her cellular telephone and informed Defendant she was represented by counsel.

45. Defendant Plaintiff was still contacted multiple times each day on her cellular telephone despite receiving notice of Plaintiff's revocation of consent.

46. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(A)(iii).

47. The calls Plaintiff received were pre-recorded or used an artificial voice.

48. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in March of 2021.

49. The calls placed by Defendant were willful and made despite having knowledge that Plaintiff revoked her consent to be contacted by Defendant on his cellular telephone.

50. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

51. As a direct and proximate result of the Defendant's intentional, willful and wanton actions, the Plaintiff:

    (a)    Suffered severe emotional distress;

    (b)    Suffered actual damages as a result of having to contact her attorney to deal with Defendant's illegal actions;

    (c)    Incurred attorney's fees and costs of this action.

53. Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees, costs of this action and other damages such as this Honorable Court deems appropriate and just.

## FOR A SECOND CAUSE OF ACTION

### VIOLATIONS OF SOUTH CAROLINA'S FAIR DEBT COLLECTION PRACTICES ACT

54. Paragraphs one (1) through (53) are hereby incorporated verbatim.

55. Plaintiff is a consumer and the underlying debt is a consumer credit transaction as defined by the South Carolina Fair Debt Collection Practices Act § 37-5-108 et seq. (Hereinafter "SCFDCPA".)

56. Defendant is "person" engaged in the collection of a debt as defined by the SCFDCPA § 37-5-108 et seq.

57. The SCFDCPA at section (2) states, "With respect to a consumer credit transaction, if the court as a matter of law finds that a person has engaged in, is engaging in, or is likely to engage in unconscionable conduct in collecting a debt arising from that transaction, the court may grant an injunction. In addition, the consumer has a cause of action to recover actual damages and, in an action other than a class action, a right to recover from the person violating this section a penalty in the amount determined by the court of not less than one hundred dollars nor more than one thousand dollars."

58. The SCFDCPA further states at section (5); "In applying subsection (2), consideration shall be given to each of the following factors, among others, as applicable: (ii) communicate with a consumer who is represented by an attorney when such fact is known to the creditor or debt collector unless the attorney consents to direct communication or fails to respond within ten days to a communication."

59. Defendant violated the SCFDCPA by unconscionably ignoring Plaintiff's demand they not contact him directly and continued to make collection calls directly to her.

60. Defendant's flagrant violation of the law and Plaintiff's rights only served to worry and confuse Plaintiff.

61. As pled above, Plaintiff has been harmed and suffered damages as a result Defendant's illegal actions.

62. That as a direct and proximate result of the Defendant's intentional, willful and wanton actions, the Plaintiff:

    (a)    Suffered severe emotional distress;

    (b)    Suffered actual damages as a result of having to contact her attorney to deal with Defendant's illegal actions;

    (c)    Incurred attorney's fees and costs of this action.

63. Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees, costs of this action and other damages such as this Honorable Court deems appropriate and just.

## FOR A THIRD CAUSE OF ACTION

### INVASION OF PRIVACY – INTRUSION UPON SECLUSION

64. Paragraphs one (1) through (63) are hereby incorporated verbatim.

65. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

66. The Restatement of the Law, Second, Torts §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

67. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

68. Defendant intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

69. Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

70. Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns and affairs.

71. These intrusions and invasions against Plaintiff by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

72. Defendant received notice stating that it was no longer to contact Plaintiff as she was represented by counsel and revoked her consent to be contacted on her cellular telephone.

73. As a direct and proximate result of the Defendant's intentional, willful and wanton actions, the Plaintiff:

    (a)    Suffered severe emotional distress;

    (b)    Suffered actual damages as a result of having to contact her attorney to deal with Defendant's illegal actions;

    (c)    Incurred attorney's fees and costs of this action.

74. Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees, costs of this action and other damages such as this Honorable Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

75. Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Honorable Court:

(a) Accept jurisdiction over this matter;

(b) Empanel a jury to hear and decide all questions of fact;

(c) Declare the practices complained of are unlawful and violate the aforementioned bodies of law;

(d) Award Plaintiff statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation;

(e) Award Plaintiff statutory damages of $1,000.00 as provided under South Carolina Fair Debt Collection Practices Act § 37-5-108(2);

(f) Award Plaintiff actual damages in an amount to be determined at trial.

(g) Award Plaintiff actual and punitive damages, for Defendant's intrusion upon Plaintiff's seclusion;

(h) Pursuant to 47 U.S.C. §227(b)(3)(A), award Plaintiff injunctive relief prohibiting such conduct in the future;

(i) Award Plaintiff costs and reasonable attorney's fees;

(j)     Award all damages available to Plaintiff under other applicable Federal and State Law;

(k)     Enter any other order the interests of justice and equity require.


Dated: August 17, 2021                    Respectfully submitted,



                                          s/ William Joseph Virgil Barr_(ID # 104883)
                                          William Joseph Virgil Barr, Esq.
                                          RECOVERY LAW GROUP, APC
                                          20 Dimery Street
                                          Kingstree, SC 29556
                                          (843) 530-4224
                                          wbarr@recoverylawgroup.com

                                          Recovery Law Group, APC
                                          6167 Bristol Parkway, Suite 200
                                          Culver City, CA 90230-6649
                                          (310) 997-0471 (phone)
                                          (866) 286-8433 (fax)
                                          litigation@recoverylawgroup.com