UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ROBERTA LATRESE VICTORIA WHARTON IRBY A/K/A VICTORIA IRBY <br><br> PLAINTIFF, <br><br> v. <br><br> SOUTHERN MANAGEMENT CORPORATION A/K/A HEIGHTS FINANCE D/B/A QUICK CREDIT, <br><br> DEFENDANT. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CASE NO. 8:21-cv-02653-HMH |

**DEFENDANT'S ANSWER TO THE COMPLAINT**

Defendant identified as Southern Management Corporation a/k/a Heights Finance d/b/a Quick Credit, properly known as Quick Credit Corporation, answers Plaintiff's Complaint, without waiving the right to compel arbitration of Plaintiff's claims, stating as follows:

**NATURE OF THE ACTION**

1.     Defendant admits that Plaintiff purports to assert claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and South Carolina Fair Debt Collection Practices Act, § 37-5-108. Defendant denies that it committed any wrongdoing and demands strict proof thereof.

**PARTIES**

2.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint. As such, they are denied and Defendant demands strict proof thereof.

46288096 v1

3.     Defendant believes that the allegations contained in Paragraph 3 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that 47 U.S.C. § 153(39) speaks for itself and denies any inconsistent or alternative allegations.

4.     Defendant states that it is unclear what Plaintiff means by "their LinkedIn page" as used in Paragraph 4 of the Complaint. As such, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, they are denied and Defendant demands strict proof thereof. Defendant further states that it is without sufficient knowledge or information to form a belief as to Plaintiff's information and belief. As such, this allegation is denied and Defendant demands strict proof thereof. Defendant admits that its headquarters are located at 101 N. Main Street, Suite 600, Greenville, SC, 29601.

5.     Defendant states that it is without sufficient knowledge or information as to Plaintiff's information and belief. Defendant admits that its activities affect interstate commerce.

6.     Defendant believes that the allegations contained in Paragraph 6 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that 47 U.S.C. § 153(39) speaks for itself and denies any inconsistent or alternative allegations.

**JURISDICTION AND VENUE**

7.     Defendant admits that Plaintiff purports to assert claims for violation of the Telephone Consumer Protection Act ("TCPA") but denies that it committed any wrongdoing and demands strict proof thereof. Defendant believes that the remaining allegations contained in Paragraph 7 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that this Court has subject matter jurisdiction

over Plaintiff's claims but denies that they should be resolved in this Court on the grounds that Plaintiff's claims are subject to binding arbitration and should be resolved in arbitration, not this Court.

8. Defendant believes that the allegations contained in Paragraph 8 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant states that it is unclear what Plaintiff means by use of the phrase "transacts business" as used in Paragraph 8 of the Complaint. As such, while Defendant admits that it conducts business in Greenville County, South Carolina, it Plaintiff's allegation and demands strict proof thereof. Defendant further denies that it committed any wrongdoing and demands strict proof thereof.

9. Defendant believes that the allegations contained in Paragraph 9 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies that it committed any wrongdoing and demands strict proof thereof. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and demands strict proof thereof.

## **FACTUAL BACKGROUND**

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint. As such, they are denied and Defendant demands strict proof thereof.

11. Defendant admits that it uses the United States Postal Service, email and telephones in its business. Defendant states that it is unclear what Plaintiff means by use of the phrase "in the business of collecting a debt" as used in Paragraph 11 of the Complaint. As such, the allegations are denied, and Defendant demands strict proof thereof.

12.     Defendant believes that the allegations contained in Paragraph 12 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, they are denied and Defendant demands strict proof thereof.

13.     Defendant admits that Plaintiff obtained loans from Defendant in 2020. To the extent that the allegations contained in Paragraph 13 of the Complaint are intended to stand for additional propositions, they are denied and Defendant demands strict proof thereof.

14.     Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint. As such, the allegations are denied and Defendant demands strict proof thereof.

15.     Defendant states that it is unclear what Plaintiff means by use of the phrases "originated from monetary credit" and "extended primarily for" as used in Paragraph 15 of the Complaint. As such, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, they are denied and Defendant demands strict proof thereof.

16.     Defendant states that it is unclear what Plaintiff is attempting to allege in Paragraph 16 of the Complaint. As such, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, they are denied and Defendant demands strict proof thereof.

17.     Defendant states that it is without sufficient knowledge or information to form a belief as to what Plaintiff is "informed [of] and believes" and what Plaintiff means by use of the phrase "regularly collects or attempts to collect" as used in Paragraph 17 of the Complaint. As such, the allegations are denied and Defendant demands strict proof thereof.

18.     Defendant admits that the loan paperwork governing Plaintiff's loan speaks for itself and denies any inconsistent or alternative allegations. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint and demands strict proof thereof.

19.     Defendant admits that Plaintiff failed to make loan payments as required by the Parties' Agreement. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and demands strict proof thereof.

20.     Defendant admits that it contacted Plaintiff relating to payments owed on the account placed at issue in this lawsuit. To the extent that the allegations contained in Paragraph 20 are intended to stand for additional or alternative propositions, they are denied and Defendant demands strict proof thereof.

21.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint. As such, they are denied and Defendant demands strict proof thereof.

22.     Defendant denies that allegations contained in Paragraph 22 of the Complaint and demands strict proof thereof.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint. Defendant admits that it received a letter from Plaintiff dated March 4, 2021 and that the letter speaks for itself.

24.     Defendant states that it is unclear what Plaintiff means by use of the phrase "Plaintiff's notice" as used in Paragraph 24 of the Complaint. As such, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, the allegations are denied and Defendant demands strict proof thereof.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint and demands strict proof thereof.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint and demands strict proof thereof.

27.     Defendant states that it is unclear what Plaintiff means by use of the phrase "automatic dialing system" as used in Paragraph 27 of the Complaint. As such, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, the allegations are denied and Defendant demands strict proof thereof. Defendant further denies that it committed any wrongdoing and demands strict proof thereof.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint and demands strict proof thereof.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint and demands strict proof thereof.

30.     Defendant states that it is unclear what Plaintiff means buy use of the phrases "autodialing machine" and "randomly dial numbers" as used in Paragraph 30 of the Complaint. As such, they are denied and Defendant demands strict proof thereof.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint and demands strict proof thereof.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint and demands strict proof thereof.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint and demands strict proof thereof.

## FOR A FIRST CAUSE OF ACTION
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

34.     Paragraphs one (1) through thirty-three (33) are hereby incorporated verbatim.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint and demands strict proof thereof.

36.     Defendant states that it is unclear what Plaintiff means by use of the phrase "automatic dialing machine" as used in Paragraph 36 of the Complaint. As such, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, they are denied and Defendant demands strict proof thereof.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint and demands strict proof thereof.

38.     Defendant denies the allegations contained in Paragraph 38 and demands strict proof thereof.

39.     Defendant denies the allegation contained in Paragraph 39 of the Complaint and demands strict proof thereof. Defendant further denies that it committed any wrongdoing and demands strict proof thereof.

40.     Defendant denies that it committed any wrongdoing and demands strict proof thereof.

41.     Defendant denies that allegations contained in Paragraph 41 of the Complaint and demands strict proof thereof.

42.     Defendant denies that allegations contained in Paragraph 42 of the Complaint and demands strict proof thereof.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint and demands strict proof thereof.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint and demands strict proof thereof.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint and demands strict proof thereof.

46. Defendant believes that the allegations contained in Paragraph 46 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies that it violated the TCPA and demands strict proof thereof.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint and demands strict proof thereof.

48. Defendant states that it is unclear what Plaintiff means by use of the phrase "automatic dialing system" as used in Paragraph 48 of the Complaint. As such, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, they are denied and Defendant demands strict proof thereof.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint and demands strict proof thereof.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint and demands strict proof thereof.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint, including subparagraphs (a) through (c) and demands strict proof thereof. Defendant further denies that it committed any wrongdoing and that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

53. Defendant denies the allegations contained in the Paragraph numbered 53 of the Complaint and demands strict proof thereof. Defendant further denies that it committed any

wrongdoing and that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.[1]

**FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF SOUTH CAROLINA'S FAIR DEBT COLLECTION PRACTICES ACT**

54. Paragraphs one (1) through fifty-three (53) are hereby incorporated verbatim.

55. Defendant believes that the allegations contained in Paragraph 55 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that § 37-5-108 speaks for itself and denies any inconsistent or alternative allegations.

56. Defendant believes that the allegations contained in Paragraph 55 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that § 37-5-108 speaks for itself and denies any inconsistent or alternative allegations. Defendant denies that it committed any wrongdoing and demands strict proof thereof.

57. Defendant admits that § 37-5-108(2) speaks for itself and denies any inconsistent or alternative allegations.

58. Defendant admits that § 37-5-108(5) speaks for itself and denies any inconsistent or alternative allegations.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint and demands strict proof thereof.

---

[1] The Complaint omits Paragraph 52.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint and demands strict proof thereof. Defendant further denies that it committed any wrongdoing and demands strict proof thereof.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint. Defendant further denies that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint, including subparagraphs (a) through (c) and demands strict proof thereof. Defendant further denies that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint and demands strict proof thereof. Defendant further denies that it committed any wrongdoing and that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

**FOR A THIRD CAUSE OF ACTION**
**INVASION OF PRIVACY-INTRUSION UPON SECLUSION**

64.     Paragraphs one (1) through sixty-three (63) are hereby incorporated verbatim.

65.     Defendant realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

66.     Defendant admits that the Restatement of the Law, Second, Torts, § 652B speaks for itself and denies any inconsistent or alternative allegations.

67.     Defendants states that the findings of the Federal Communication Commission speak for themselves and denies any inconsistent or alternative allegations.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint and demands strict proof thereof.

69      Defendant denies the allegations contained in Paragraph 69 of the Complaint and demands strict proof thereof.

70.     Defendant states that it is unclear what Plaintiff means by use of the phrase "reasonable expectation of privacy" as used in Paragraph 70 of the Complaint. As such, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, the allegations are denied and Defendant demands strict proof thereof.

71.     Defendant denies the allegations contained in Paragraph 71 of the Complaint. Defendant further denies that it committed any wrongdoing and demands strict proof thereof.

72.     Defendant denies the allegations contained in Paragraph 72 of the Complaint and demands strict proof thereof.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint, including subparagraphs (a) through (c) and demands strict proof thereof. Defendant further denies that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint and demands strict proof thereof. Defendant further denies that it committed any wrongdoing and that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

## **DEMAND FOR JURY TRIAL**

75.     Defendant denies that Plaintiff is entitled to trial by jury. Plaintiff's claims are subject to binding arbitration and should be resolved in arbitration, not this Court.

46288096 v1

## PRAYER FOR RELIEF

76.    Defendant denies that Plaintiff is entitled to the relief demanded in the WHEREFORE Paragraph immediately following Paragraph 75 of the Complaint, including subparagraphs (a) through (k). Defendant further denies that it committed any wrongdoing and that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant.

77.    Defendant denies each and every allegation not specifically admitted and demands strict proof thereof.

## RESERVATION OF RIGHTS

Defendant reserves the right to supplement and/or amend this Answer to the Complaint.

### FIRST DEFENSE

Plaintiff's claims against Defendant re subject to a valid, binding arbitration agreement and Plaintiff's claims should be resolved in arbitration, not this Court.  Defendants reserve the right to compel arbitration of those claims and does not waive that right by filing this Answer.

### SECOND DEFENSE

Plaintiff's claims fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff cannot recover from Defendant to the extent that she has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III standing.

### FOURTH DEFENSE

Plaintiff has not experienced any actual damages.

### FIFTH DEFENSE

To the extent that Plaintiff has experienced any actual damages, they were the result of an intervening and/or superseding cause for which this Defendant cannot be held legally responsible.

46288096 v1

12

## SIXTH DEFENSE

To the extent that Plaintiff has experienced any actual damages, they were the result of acts of individuals and/or entities for which this Defendant is not legally responsible.

## SEVENTH DEFENSE

To the extent that Plaintiff has experienced any actual damages, she failed to mitigate her damages, if any.

## EIGHTH DEFENSE

Plaintiff has failed to comply with conditions precedent to maintain some of all of her claims against this Defendant.

## NINTH DEFENSE

Any violation of the law or damage experienced by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Defendant.

## TENTH DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, by the doctrines of recoupment and/or set-off for all amounts owed by Plaintiff on the account(s).

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel consent, ratification, acquiescence and/or novation.

## TWELFTH DEFENSE

Any violation of the law, which Defendant denies, was not intentional and resulted, if at all, would be the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

46288096 v1

13

## THIRTEENTH DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under federal law for ascertaining the amount thereof, such that any award of said damages against Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

## FOURTEENTH DEFENSE

Defendant denies that it is guilty of any conduct which would entitle Plaintiff to recover punitive damages.

## FIFTEENTH DEFENSE

Plaintiff's claims for punitive damages against Defendant cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the State Legislature limiting awards of punitive damages or the amount of such damages.

## SIXTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

46288096 v1

Respectfully submitted this 9th  day of September, 2021.

/s/ Richard C. Keller
Richard C. Keller (SC Bar #74094)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
rkeller@burr.com
Attorney for Quick Credit Corporation

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 9th day of September, 2021, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using the cm/ecf system, which will provide electronic notice of the filing to the following:

William Joseph Virgil Barr
Recovery Law Group, APC
20 Dimery Street
Kingstree, SC 29556
wbarr@recoverylaw.com

/s/ Richard C, Keller
OF COUNSEL

46288096 v1

15